UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA,

          -against-                                                       16-cr-488 (LAK)

LEONARD STERLING,

          Defendant.
------------------------------------x

## MEMORANDUM AND ORDER

Appearances:

          Drew Skinner
          Assistant United States Attorney
          AUDREY STRAUSS
          ACTING UNITED STATES ATTORNEY

          Benjamin A. Silverman
          *Attorney for Defendant*

LEWIS A. KAPLAN, *District Judge.*

        On January 21, 2017, defendant pled guilty to conspiring to distribute and possess with intent to distribute 28 grams or more of crack cocaine and 100 grams or more of heroin. The general basis for defendant's conviction was his participation in a five person conspiracy to sell the aforementioned narcotics in Ithaca, New York. Among other acts, Defendant transported drugs from New York City to Ithaca and personally sold them to customers. On May 15, 2017, the Court

sentenced defendant to 72 months of imprisonment and four years of supervised release.[1] Defendant, who is now 44 years old, has served the majority of his term of imprisonment. He is scheduled for release on May 12, 2021.

Before the Court is defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c). The basis for his motion is that several health conditions from which he suffers place him at a heightened risk of serious medical consequences if he were to contract COVID-19 and that a continued term of incarceration will increase his likelihood of contracting the virus. Defendant's medical conditions include chronic obstructive pulmonary disease ("COPD"), chronic asthma, eczema caused by allergic reactions to common food items that defendant claims he cannot avoid in prison, and sciatica. The government, which has reviewed defendant's medical records, does not contest that defendant suffers from these conditions.

Under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, the Court may modify a term of imprisonment upon a defendant's motion only "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[2] Defendant asserts that he has complied with this requirement, and the government does not challenge his assertion.

Where the exhaustion requirement is met, a court may modify a defendant's sentence if (1) there are "extraordinary and compelling reasons" warranting a sentence modification, (2) the

---

[1] The mandatory minimum sentence for defendant's crime was 60 months. The Guidelines recommendation was 70 to 87 months.

[2] 18 U.S.C. § 3582(c)(1)(A).

3

modification is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the modification is supported by the factors set forth in 18 U.S.C. § 3553(a).[3] The policy statement, set forth in the Sentencing Guidelines at Section 1B1.13 and the Section 1B1.13 Application Notes, provides that extraordinary and compelling reasons exist when the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."[4]

The government concedes that defendant has provided extraordinary and compelling reasons for his release. It concedes also that defendant's medical conditions place him at a heightened risk of suffering severe medical consequences if he were to contract COVID-19. The Court agrees, in particular on the ground that medical evidence suggests that COVID-19 poses significant risks to individuals with COPD.[5]

---

[3] 18 U.S.C. § 3582(c)(1)(A)(I).

[4] U.S.S.G. § 1B1.13, cmt.1(A)(ii).

[5] *See* PEOPLE WITH CERTAIN MEDICAL CONDITIONS, CENTERS FOR DISEASE CONTROL AND PREVENTION, (last updated Sept. 11, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#copd.

As this Court has stated previously, "the question whether it is bound by the Sentencing Commission's ('USSC') compassionate release policy statement is a much debated question and thus so too are the grounds on which the court may grant relief in a case like this. *See, e.g., United States v. Canales*, No. 16-cr-212 (LAK), 2020 WL 2319294, at *2 (S.D.N.Y. May 9, 2020) (citations omitted); *United States v. Merlo*, No. 17-cr-0738 (LAK), 2020 WL 3001039, at *2 (S.D.N.Y. June 4, 2020). Because the government concedes that defendant's release would be consistent with the policy statement, the Court assumes without deciding that it is bound by the policy statement and finds that granting defendant's motion would be consistent with any reasonable reading of the policy statement.

4

The dispute turns on the sentencing factors set forth in 18 U.S.C. § 3553(a). "Those factors include: (1) 'the nature and circumstances of the offense and the history and characteristics of the defendant,' (2) 'the need for the sentence imposed' to, among other objectives, 'provide just punishment for the offense,' and (3) the Sentencing Guidelines range."[6]

Defendant's crime was serious. He transported and sold dangerous narcotics as part of a conspiracy over a significant period of time. Public policy, as evidenced by the mandatory minimum sentence attached to defendant's crime, favors significant terms of incarceration for individuals who engage in this behavior.

That said, several mitigating factors are present. The amounts of crack and heroin that defendant distributed, though far from *de minimis*, do not suggest that defendant is the type of major narcotics distributor for whom a particularly high sentence might be warranted. Moreover, defendant was not accused of engaging in violent conduct. While the government notes that some of his co-conspirators were involved in a shooting, defendant was not charged in connection with that event. These considerations formed the basis of the Court's decision to impose a 72 month sentence – a significant term of incarceration, but not a term so high that defendant would spend a large percentage of his life in prison.

Defendant's medical conditions, combined with the fact that he has served a substantial majority of his sentence, counsel in favor of his release. The Court does not discount the deterrent and punitive value of requiring defendant to serve his entire sentence in prison. But the public interest in seeing defendant incarcerated for an additional ten months does not outweigh the high risk that he could become seriously ill or die if he were to contract COVID-19 as a result of his

---

[6] *Merlo*, No. 17-cr-0738 (LAK), 2020 WL 3001039, at *3 (quoting 18 U.S.C § 3553(a)).

5

prison sentence. It is well established that incarcerated individuals, who are kept in close confinement, are more likely to contract COVID-19 than members of the general public who are able to engage in effective social distancing.

Defendant's motion for compassionate release [Dkt. 230] is granted. Defendant shall be released from prison forthwith, subject to any outstanding detainers. Assuming he is released, he shall serve the remainder of his sentence of imprisonment, which shall conclude on May 12, 2021, on home confinement. Upon the completion of his term of home confinement, he shall serve the four year term of supervised release ordered by the Court at the time of sentencing.

SO ORDERED.

Dated:     September 15, 2020

_____
Lewis A. Kaplan
United States District Judge